FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 13, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DWANA W., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | NO: 1:18-CV-3033-FVS <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross motions for summary judgment. ECF Nos. 16 and 21. This matter was submitted for consideration without oral argument. The plaintiff is represented by Attorney D. James Tree. The defendant is represented by Special Assistant United States Attorney Jeffrey E. Staples. The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. For the reasons discussed below, the court **GRANTS** Plaintiff's Motion for Summary Judgment, ECF No. 16, and **DENIES** Defendant's Motion for Summary Judgment, ECF No. 21.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

**JURISDICTION**

Plaintiff Dwana W.[1] protectively filed for supplemental security income and disability insurance benefits on February 19, 2014. Tr. 352-66. Plaintiff alleged an onset date of January 1, 2014. Tr. 354, 361. Benefits were denied initially, Tr. 128-57, and upon reconsideration, Tr. 193-204. Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held before ALJ Larry Kennedy on April 23, 2015. Tr. 85-127. A supplemental hearing was held on April 14, 2016. Tr. 43-84. Plaintiff was represented by counsel and testified at both hearings. The ALJ denied benefits, Tr. 15-40, and the Appeals Council denied review. Tr. 1. The matter is now before this court pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

**BACKGROUND**

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner. Only the most pertinent facts are summarized here.

Plaintiff was 42 years old at the time of the first hearing. Tr. 94. She has an associate degree in network technology. Tr. 95. Plaintiff owns her home and at the time of the first hearing she lived with her three children, ages 9, 10, and 21.

---

[1] In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial, and, subsequently, Plaintiff's first name only, throughout this decision.

Tr. 97, 102. She has work history in IT support. Tr. 98-100, 122. She testified that she was laid off, then she was on unemployment and "looking for IT work," and then she went back to school online. Tr. 100-01.

The medical expert testified that Plaintiff has a valid diagnosis of multiple sclerosis, confirmed by MRI and spinal fluid examination. Tr. 56. Plaintiff testified that she cannot do her past work because she can't carry things and get under desks; and she cannot do sedentary work because she can't sit for long periods of time. Tr. 117-19. She testified that she has to lay down "two out of any eight straight hours," uses a walker "during ambulation for stability," feels off balance in her head, cannot drive safely, and her left hand shakes. Tr. 111-17, 121. Plaintiff also reported that she has declined medication because she had a psychotic reaction to a steroid prescribed for her multiple sclerosis. Tr. 109.

**STANDARD OF REVIEW**

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and

citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

**FIVE–STEP SEQUENTIAL EVALUATION PROCESS**

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous

work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude

a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination,

the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

**ALJ'S FINDINGS**

At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since January 1, 2014, the alleged onset date. Tr. 20. At step two, the ALJ found Plaintiff has the following severe impairments: multiple sclerosis, obesity, cognitive disorder, somatoform disorder, and personality disorder. Tr. 21. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 22. The ALJ then found that Plaintiff has the RFC

> to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she cannot climb ladders, ropes, scaffolds, ropes, or stairs. The claimant cannot balance, stoop, kneel, crouch, or crawl. She must avoid concentrated exposure to extreme cold, extreme heat, and hazards. The claimant can perform simple, routine tasks and follow short, simple instructions. She can do work that needs little or no judgment. She can perform simple duties that can be learned on the job in a short period. The claimant can interact with the public via a computer or telephone but not face to face.

Tr. 24. At step four, the ALJ found that Plaintiff is unable to perform any past relevant work. Tr. 31. At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including: order clerk, touchup screener, and table worker. Tr. 32. On that basis, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from January 1, 2014, through the date of the decision. Tr. 33.

**ISSUES**

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability insurance benefits under Title II of the Social Security Act and supplemental security income benefits under Title XVI of the Social Security Act. ECF No. 16. Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ erred at step three;

2. Whether the ALJ properly weighed the medical opinion evidence;

3. Whether the ALJ improperly discredited Plaintiff's symptom claims; and

4. Whether the ALJ properly weighed the lay witness testimony.

**DISCUSSION**

**A. Step Three**

At step three, the ALJ must determine if a claimant's impairments meet or equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii). The Listing of Impairments "describes for each of the major body systems impairments [which are considered] severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education or work experience." 20 C.F.R. § 404.1525. To meet a listed impairment, a claimant must establish that she meets each characteristic of a listed impairment relevant to her claim. 20 C.F.R. § 404.1525(d). If a claimant meets the listed criteria for disability, she will be found to be disabled. 20 C.F.R. § 404.1520(a)(4)(iii). The claimant bears the burden of establishing she meets a listing. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005).

Plaintiff argues that the ALJ's conclusion that Plaintiff's multiple sclerosis does not meet or equal Listing 11.09 is not supported by substantial evidence. ECF No. 16 at 6-12. As an initial matter, the Court notes that the requirements for meeting Listing 11.09 were revised effective September 29, 2016, prior to the issuance of the ALJ's decision on December 2, 2016. ECF No. 16 at 7 n.1 (citing 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 11.09); *see also* Revised Medical Criteria for Evaluating Neurological Disorders, 81 Fed. Reg. 43048-01 (July 1, 2016), *available at* 2016 WL 3551949 (noting the final rule will be applied to claims

pending on or after the effective date). The ALJ correctly noted that the current listing controls, but "[n]evertheless, [he addressed] the requirements for meeting Listing 11.09 at the time of [Plaintiff's] supplemental hearing and at the time of [the] decision." Tr. 22. To meet current Listing 11.09A, multiple sclerosis, Plaintiff must demonstrate "[d]isorganization of motor function in two extremities, resulting in an extreme limitation in the ability to stand up from a seated position, balance when standing or walking, or use the upper extremities." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 11.09A (internal citations omitted). An "extreme limitation," as relevant in this case, is defined as the "inability to . . . maintain balance in a standing position and while walking," which is further defined as the inability to "maintain an upright position while standing or walking without the assistance of another person or an assistive device, such as a walker, two crutches, or two canes." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 11.00D.

Here, the ALJ found that Plaintiff's multiple sclerosis did not meet or equal Listing 11.09A because "independent medical expert William L. DeBolt, M.D. testified that the objective evidence did not demonstrate that [Plaintiff] suffered from disorder of motor function. Rather, Dr. DeBolt testified that the medical evidence demonstrated subjective complaints from [Plaintiff] of poor balance." Tr. 22-23, 28. Plaintiff argues the ALJ erred in concluding that her multiple sclerosis does not meet or equal prior or current Listing 11.09A. ECF No. 16 at 6-10. Most notably, despite Dr. DeBolt's testimony that he was "a bit puzzled why there are

not more objective findings to go along with the severity of the MRI scan," Dr. DeBolt explicitly testified that Plaintiff's multiple sclerosis meets former Listing 11.09 because of "disorganization of motor function in two limbs" resulting in "extreme limitation" in Plaintiff's ability to maintain balance in a standing position and while walking. Tr. 59-61. Later in his testimony, Dr. DeBolt again opined that he "thought" Plaintiff "met that 11.04B paragraph" under the prior Listing because the lesions within the central nervous system, demonstrated on Plaintiff's MRI, "objectively causes" imbalance or lack of balance. Tr. 63; *see* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 11.04B (2016) ("[d]isorganization of motor function in two extremities, resulting in an extreme limitation in the ability to . . . balance while standing or walking.").

The ALJ accorded "little weight" to Dr. DeBolt's opinion that Plaintiff met former Listing 11.04B, "as it is inconsistent with the objective medical record as a whole." Tr. 28. However, the ALJ does not cite objective evidence from the record to support this finding. Tr. 28; *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (when explaining his reasons for rejecting medical opinion evidence, the ALJ must do more than state a conclusion; rather, the ALJ must "set forth his own interpretations and explain why they, rather than the doctors', are correct."). Instead, the ALJ paradoxically relies entirely on Dr. DeBolt's own testimony to support this finding, including: Dr. DeBolt's observation that "the only objective findings are related to the MRI scan and spinal tap"; and Dr. DeBolt's testimony

that MS patients normally use walkers for paralysis or weakness, but in this case Plaintiff used a walker for her feeling of imbalance. Tr. 28, 60, 62-63. Similarly, while the ALJ does not cite to specific testimony, he presumably relied on his exchanges with Dr. DeBolt at the hearing as support for his finding at step three that the objective evidence does not support a finding that Plaintiff suffered disorganization of motor function, as required to meet Listing 11.09A. For instance,

> ALJ: So the lesions are causing the balance issue which is a form of disorganized motor function which then causes gait and station to be impaired, is that –
>
> ME: Yes. That's true. I think that's fair. I would not have disorganized motor function –
>
> ALJ: Okay.
>
> ME: -- because that implies that there's something can be demonstrated wrong with motor control.
>
> ALJ: Okay, so is it fair to say that – I mean is it that she truly meets the listing or are we more in the realm of it equals the listing?
>
> ME: Okay, I guess that was how you interpret gait and station.
>
> ALJ: Okay. Would you be of the opinion that she equals the listing, based on your review of the record and the discussion that we've –
>
> ME: It's actually relevant. I usually use the term equal meaning there are multiple impairments.
>
> ALJ: Okay.
>
> ME: But I don't see that here what the exhibit finds.
>
> ALJ: I believe –

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

ME: Maybe I've interpret[ed] that to be equal thing wrong.

ALJ: Well I believe there are circumstances where one could equal a listing given, you know, the – doesn't necessarily have to be multiple impairments that based on the lesions resulting in the balance then resulting – because we don't have the disorganized motor functioning you indicated.

ME: Right. …

ALJ: Because 11.04(b) does require significant and persistent disorganization of motor function and I think I just heard you say that there was not –

ME: There is no motor function.

ALJ: There is no disorganization of motor function so that would prevent a finding of meets a listing.

ME: Okay.

ALJ: If –

**ME: If it could be equal, I believe.**

ALJ: If I'm reading this correctly. Okay, let me look at – because 11.09(a) talks about disorganization of motor function, described in 11.04(b).

ME: Yes.

ALJ: And we don't have that, so –

ME: Correct.

ALJ: Okay, . . . did you see evidence of significant reproducible fatigue of motor function with substantial muscle weakness?

ME: Well she did not have objective testing for that and there are many physical therapists who have a program to demonstrate with repeated records of maximum intensity the strength falls rapidly off after medication. She did not undergo such testing.

PLAINTIFF'S COUNSEL: There was . . . a note where the physical therapist was trying to do testing but she was unable to complete it because of weakness and pain. That was one I noticed.

ME: That's reasonable.

Tr. 64-66 (emphasis added).

Based on portions of this testimony, Defendant contends the ALJ "reasonably relied on Dr. DeBolt's testimony to find that the objective evidence did not satisfy the requirements of a listed impairment." ECF No. 21 at 5; *See Burch*, 400 F.3d at 679 (where evidence is susceptible to more than one interpretation, the ALJ's conclusion must be upheld). However, while it is arguably reasonable for the ALJ to conclude that Dr. DeBolt's testimony, when read in its entirety, supports the ALJ's finding that Plaintiff's multiple sclerosis does not meet all the requirements of Listing 11.09A; the ALJ entirely failed to consider Dr. DeBolt's testimony that Plaintiff's impairment "could be equal, I believe" to the Listing. *See* Tr. 64-66. As noted by Plaintiff, the ALJ is required to consider Plaintiff's impairments, whether singly or in combination, meet *or medically equal* a listed impairment. *See* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). An impairment is medically equivalent to a listed impairment "if it is at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. §§ 404.1526(a), 416.926(a). Medical equivalence may be determined when Plaintiff has an impairment described in the Listings except (1) Plaintiff does not exhibit one or more of the findings specified in the Listing; (2)

one or more of the findings is not as severe as specified in the Listing; or (3) Plaintiff has other findings related to her impairment that are at least of equal medical significance to the required criteria. 20 C.F.R. §§ 404.1526(b)(1), 416.926(b)(1).

Here, Dr. DeBolt's testimony, which even Defendant acknowledged was "somewhat equivocal," created an ambiguity regarding as to whether Plaintiff's multiple sclerosis medically equaled Listing 11.09A. "An ALJ's duty to develop the record is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (ALJ has a special duty to develop the record fully and fairly to ensure that the claimant's interests are considered, even when the claimant is represented by counsel). Based on Dr. DeBolt's testimony, as outlined in detail above, the Court concludes that the ALJ erred by failing to fully develop the record as to whether Plaintiff's multiple sclerosis equals Listing 11.09. On remand, the ALJ must further develop the record, including additional medical expert testimony or consultative examination if warranted, in order to explicitly consider whether Plaintiff's impairment meets or medically equals the Listings at step three.

**B. Additional Issues**

Plaintiff also challenges the ALJ's consideration of medical opinion evidence, including examining physician Jennifer Pontarolo, D.O., and treating providers

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 15

Corinda Michels, ARNP and Sarah Garrison, ARNP, all of whom opined that Plaintiff was unable to work due to physical limitations. Tr. 28-29, 608-11, 868-70, 903. Finally, Plaintiff challenges the ALJ's evaluation of Plaintiff's symptom claims, and the lay witness statement of Plaintiff's father. ECF No. 16 at 12-26. Because the ALJ's analysis of these questions was dependent on the ALJ's evaluation of the expert medical testimony at step three, which the ALJ is instructed to reconsider on remand, the Court declines to address these challenges here. On remand, the ALJ is instructed to conduct a new sequential analysis after reconsidering whether Plaintiff's impairment meets or equals the Listings at step three.

**REMEDY**

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome[.]" *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); *see also Garrison v. Colvin*, 759 F.3d 995, 1021 (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability

claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

Although Plaintiff requests a remand with a direction to award benefits, ECF No. 16 at 26, the Court finds that further administrative proceedings are appropriate. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose). Here, the ALJ's finding at step three that Plaintiff's multiple sclerosis did not meet or equal Listing 11.09 was based at least in part on ambiguous testimony by the medical expert; thus, the ALJ must further develop the record on this issue. "Where," as here, "there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Treichler*, 775 F.3d at 1101. Instead, the Court remands this case for further proceedings. On remand, the ALJ must reconsider the step three finding, including, if appropriate, additional testimony from medical experts and consultative examinations. The ALJ must reevaluate the medical opinion evidence, and provide legally sufficient reasons for evaluating the opinions, supported by substantial evidence. The ALJ should also reconsider the analysis of

Plaintiff's symptom claims, and the lay witness testimony. Finally, the ALJ should reassess Plaintiff's RFC and, if necessary, take additional testimony from a vocational expert which includes all of the limitations credited by the ALJ.

**ACCORDINGLY, IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 16**, is **GRANTED in part,** and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

2. Defendant's Motion for Summary Judgment, **ECF No. 21**, is **DENIED**.

3. Application for attorney fees may be filed by separate motion.

The District Court Clerk is directed to enter this Order and provide copies to counsel. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** March 13, 2019.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge